# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TWS / ALL
**Transmittal Number: 10969468**
Date Processed: 03/20/2013

Primary Contact:
Mary Anne Carey
Component Assembly Systems, Inc.
620 Fifth Avenue
Pelham, NY 10803

| | |
|---|---|
| **Entity:** | Component Assembly Systems, Inc. |
| | Entity ID Number  1714439 |
| **Entity Served:** | Component Assembly Systems, Inc. |
| **Title of Action:** | Javier Lopez Castro vs. Molecular Systems, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 0001871-13 |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 03/20/2013 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Omar Vincent Melehy |
| | 301-587-6364 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# MELEHY & ASSOCIATES LLC
## ATTORNEYS AT LAW

VINCENT MELEHY*

SUVITA MELEHY*
WILLIAM F. STEINWEDEL*

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.MELEHYLAW.COM

TELEPHONE (301) 587-8364
FACSIMILE (301) 587-6308

*ALSO LICENSED IN WASHINGTON D.C.
†ALSO LICENSED IN ILLINOIS

March 18, 2013

*VIA CERTIFIED MAIL (RETURN RECEIPT WITH RESTRICTED DELIVERY)*

Component Assembly Systems, Inc.
c/o Corporation Service Company (Registered Agent)
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

Re:   *Javier Lopez Castro, et al. v. Molecular Systems, Inc., et al.*
      C.A. No. 2013 CA 001871 B

Dear Sir or Madam:

Melehy & Associates represents the plaintiffs in the above-referenced case. Enclosed please find one (1) copy of each of the following documents:

1. The Summons;
2. The Complaint; and
3. The Initial Order.

Thank you for your attention to this matter.

Sincerely,

Robert Porter
Associate Attorney

Enclosures: As stated.

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

---

From: (888) 690-2882
SCP Processing Department
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Origin ID: ILGA



J1311130212O326

Ship Date: 20MAR13
ActWgt: 1.0 LB
CAD: 103290184/WSXI2600

Delivery Address Bar Code

---

SHIP TO: (914) 738-5400          BILL THIRD PARTY

**Mary Anne Carey**
**Component Assembly Systems, Inc.**
**620 Fifth Avenue**

Pelham, NY 10803

Ref #
Invoice #
PO #
Dept #

---

FRI - 22 MAR AA
** 2DAY **

TRK# 7993 2988 5106
0201

**ST AXBA**

10803
NY-US
JFK





518G2/DCF8/93AB



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_JAVIER LOPEZ CASTRO, ET AL._
Plaintiff

vs.

0001871-13

Case Number _____

_COMPONENT ASSEMBLY SYSTEMS, INC._
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Omar Vincent Melehy, Esq._
Name of Plaintiff's Attorney

_8403 Colesville Rd., Suite 610_
Address

_Silver Spring, MD 20910_

_(301) 587-6364_
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _3/11/13_

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____ Demandante

contra

Número de Caso: _____

_____ Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                                           Por: _____

_____
Dirección                                                                      Subsecretario

_____
Teléfono                                                    Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

 **SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAVIER LOPEZ CASTRO
    Vs.                               C.A. No.     2013 CA 001871 B
MOLECULAR SYSTEMS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge CRAIG ISCOE
Date:  March 12, 2013
Initial Conference: 9:30 am, Friday, June 21, 2013
Location:  Courtroom 200
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET   0001871-13

JAVIER LOPEZ CASTRO, ET AL. Case Number: _____

vs   Date: _____

MOLECULAR SYSTEMS, INC.   ☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Omar Vincent Melehy, Esq. | Relationship to Lawsuit |
| Firm Name: Melehy & Associates LLC | ☒ Attorney for Plaintiff |
| Telephone No.:        Six digit Unified Bar No.: (301) 587-6364        415 849 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury   ☐ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 106,000   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**                                   **COLLECTION CASES**

☒ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                 ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy
☐ 03 Assault and Battery         ☐ 11 Libel and Slander          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference     ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution      ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal          ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile, Not Malpractice)   ☐ 23 Tobacco
                                                                 ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/Jan 13

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation.
  Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation
  Over $25,000
- [ ] 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_Oman Vincent Melehy / RP_               _3/7/13_

Attorney's Signature               Date

CV-496/Jan 13

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAVIER LOPEZ CASTRO
7918 Stork Rd.
Alexandria, VA 22306

PEDRO FRANCISCO CAMPOS DE LEÓN
13516 Kingsman Rd.
Woodbridge, VA 22193

JESUS AVELAR
12920 Occoquan Rd.
Woodbridge, VA 22192

    *Plaintiffs,*

    v.

MOLECULAR SYSTEMS, INC.
2010 Kendall Street, N.E.
Washington, DC 20002

Serve: Frank Fitzhugh
    31 Chesapeake St. SE., Apt. 304
    Washington, DC 20032

COMPONENT ASSEMBLY SYSTEMS, INC.
10632 Little Patuxent Parkway
Columbia, Maryland 21044

Serve: Corporation Service Company
    1090 Vermont Avenue, N.W.
    Washington, DC 20005

MACK JENKINS
1610 Sundew Court
Mitchellville, Maryland 20721-2243

S & J ACOUSTICS, INC.
3808 Lake Boulevard
Annandale, Virginia 22003

Serve: Richard B. Sisk
    14514 Hamowell
    Manassas, Virginia 20112

Civil Case No. :

0001871-13



RECEIVED AND RETURNED
Civil Clerk's Office

MAR 1 1 2013

Superior Court of the
District of Columbia
Washington, D.C.

RICHARD B. SISK
14514 Hamowell St.
Manassas, VA 20112

LIBERTY MUTUAL INSURANCE
COMPANY
114 West 47th Street
21st Floor
New York, New York 10036

Serve: Corporation Service Company
        1090 Vermont Avenue, NW
        Washington, D.C. 20005

        *Defendants.*

## COMPLAINT

Plaintiffs JAVIER LOPEZ CASTRO, PEDRO FRANCISCO CAMPOS DE LEÓN, and

JESUS AVELAR, by their undersigned counsel, Omar Vincent Melehy and Melehy &

Associates, LLC, hereby bring suit against Defendants, Molecular Systems, Inc. ("Molecular"),

Component Assembly Systems, Inc. ("Component"), Mack Jenkins ("Jenkins"), S & J Acoustics,

Inc. ("S& J Acoustics"), Richard B. Sisk ("Sisk"), and Liberty Mutual Insurance Company

("Liberty") for violations of the District of Columbia Payment of Wages and Collection Act,

D.C. Code § 32-1301, *et. seq.* ("DCPWCA"), District of Columbia Wage and Hour Law D.C.

Code § 32-1001 *et. seq.* ("DCWHL"), and for common law breach of contract.

Plaintiffs allege as follows:

1.      This action arises from the contract between the District of Columbia and Whiting

Turner Construction Company ("Whiting Turner") to perform services for the construction of the

Consolidated Forensic Laboratory building located at 415 4th St. SW, Washington, D.C. 20024

("the Project"), a project owned by the District of Columbia government.  A portion of the

construction work on the Project involved installation of ceiling grids and ceiling tile.  Whiting

2

Turner subcontracted the installation of drywall and acoustic ceiling to Molecular. Molecular then subcontracted the ceiling installation to Component, which itself subcontracted work to S & J Acoustics.

2.     Whiting Turner and Molecular executed a written subcontract on April 26, 2010. This subcontract required Molecular to ensure that the following regular hourly wages were paid the following individuals: JAVIER LOPEZ CASTRO ($31.92 per hour), PEDRO FRANCISCO CAMPOS DE LEÓN ($31.92 per hour), and JESUS AVELAR ($31.92 per hour).

3.     On information and belief, Molecular and Component executed a written subcontract which required Component to ensure that the Plaintiffs were paid the same hourly wages.

4.     On information and belief, Component and S & J Acoustics executed a written subcontract which required S & J Acoustics to pay the same hourly wages to Plaintiffs.

5.     S & J Acoustics forfeited its corporate charter on March 31, 2012.

6.     As part of its subcontract with Whiting Turner, Molecular, as Principal, provided a payment bond to Whiting Turner, guaranteed by Liberty Mutual, which was acting as a surety. The payment bond provided that it was for the benefit of all persons providing material and labor on the Project.

7.     As part of their subcontract, Whiting Turner and Molecular executed a bond agreement on April 16, 2010, pursuant to which Molecular, as Principal, provided a payment bond to Whiting Turner guaranteed by Liberty Mutual, which was acting as a surety. The payment bond provided that it was for the purpose of ensuring payment to Whiting Turner from Liberty Mutual in the event Molecular failed to fulfill its obligations under the subcontract. The bond guaranteed that Plaintiffs would be paid the following regular hourly wages: JAVIER

LOPEZ CASTRO ($31.92 per hour), PEDRO FRANCISCO CAMPOS DE LEÓN ($31.92 per hour), and JESUS AVELAR ($31.92 per hour).

8.      The amount of the payment bond is $3,904,157.00.   The Bond number is 015030247.

## THE PARTIES

Plaintiffs are all adult citizens, over twenty-one years of age, and residents of the Commonwealth of Virginia.  While working for on the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA.   Plaintiffs were also employees of Molecular, Component, S & J Acoustics, and Sisk within the meaning of the DCPWCA", the DCWHL, the FLSA, and common law breach of contract.

9.      At all relevant times, Plaintiffs were employed directly by S & J Acoustics. During this period, Sisk was the President and sole owner of S & J Acoustics and controlled the pay, scheduling, and supervision of Plaintiffs.

10.     At all times relevant to the complaint, Component controlled Plaintiffs' pay, scheduling, and supervision and provided the tools and equipment equipment that Plaintiffs used to complete their work.

11.     At all times relevant to the Complaint, Molecular controlled Plaintiffs' pay, hours of work, scheduling and supervision and provided tools and equipment that Plaintiffs used to complete their work.

12.     At all times relevant to the Complaint, Mack Jenkins ("Jenkins") was the President and owner of Molecular and he directly controlled Plaintiffs' pay, scheduling and supervision.

13.     At all times relevant to this Complaint, S & J Acoustics, Component and

4

Molecular, were each enterprises engaged in commerce within the meaning of the FLSA. At all times relevant to this Complaint, annual gross volume of business of S & J Acoustics, Component and Molecular each exceeded $500,000. Additionally, Plaintiffs were employees that "engaged in commerce" within the meaning of the FLSA. Finally, Plaintiffs and other employees of Component, Molecular and S & J Acoustics, Inc., handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

14.     As explained below, Component, Molecular, S & J Acoustics, Jenkins and Sisk failed to pay Plaintiffs wages at the rates promised, including the rate of one and one half times Plaintiff's regular hourly rate for each hour over 40 that they worked in a single work week.

15.     At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants in the District of Columbia.

## JURISDICTION

Plaintiffs are asserting causes of action that arise under the DCPWCA", the DCWHL, and common law breach of contract.

16.     The jurisdiction of this Court is based upon D.C. Code § 11-921(a).

17.     This Court has *in personam* jurisdiction over Defendants because they conduct business in District of Columbia and/or because the events giving rise to these claims occurred in the District of Columbia. D.C. Code §§ 13-334 and 13-423.

## VENUE

18.     The events giving rise to this complaint occurred in District of Columbia, making venue proper in this Court.

## STATEMENT OF FACTS

19.     At various times from July or August, 2011 through May 2012, Plaintiffs performed ceiling work on the Project. Plaintiffs received their pay checks from S & J

5

Acoustics.

At all times relevant to the Complaint, S & J Acoustics, Component, Molecular, Jenkins, and Sisk were joint employers of Plaintiffs within the meaning of the DCPWCA, the DCWHL and the FLSA, and common law breach of contract.

20.     Throughout the time Plaintiffs performed work on the Project, Jenkins was on the Project site most days, directing Plaintiffs' work and controlling Plaintiffs' schedule.

21.     Throughout the time Plaintiffs performed work on the Project, supervisors employed by Molecular and Component were on the Project site every day for a substantial part of the work day, directing Plaintiffs' work on specific areas of the Project, checking whether they needed additional materials, and supervising their progress.

22.     Whiting Turner, Component, Molecular, S & J Acoustics, Jenkins and Sisk established the wages that Plaintiffs were to be paid.

23.     Component provided the equipment and material for the Project to Plaintiffs, including the ceiling frames, tiles, heavy machine tools, and other equipment.

24.     Defendants promised to pay Plaintiffs $31.92 per hour for their work on the Project.

25.     The information contained below concerning the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are approximate estimates and Plaintiffs reserve the right to amend the complaint to correct or clarify these claims as additional facts become available.

26.     Plaintiffs do not have access to the Defendants' records of Plaintiffs' hours worked and, therefore, can only estimate the number of hours they worked.  An estimate of the time frames during which they worked is contained in the succeeding paragraphs of this

Complaint. Plaintiffs reserve the right to correct or amend any allegations as to the number of hours they worked in a particular work week and the amounts that they were paid.

27.     Plaintiff Javier Lopez Castro performed work on the Project from approximately August 10, 2011 to approximately May 25, 2012, a period of approximately 42 consecutive work weeks, including overtime hours during many work weeks. He was entitled to $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40. Although initially paid at those wages, he was paid less than his promised wages—specifically, he was paid $16.00 per hour—at all times after approximately December 12, 2011.   He is owed approximately $18,000.00, penalties and liquidated damages.

28.     Plaintiff Pedro Campos performed work on the Project from approximately December 12, 2011 to May 25, 2012, a period of 24 consecutive work weeks, including overtime hours during many work weeks. At no time during his employment did he receive $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40. Specifically, he was paid $14 per hour, regardless of whether he worked over 40 hours in a work week, for approximately 816 hours of work. During his employment with Defendants, Plaintiff Pedro Campos generally worked approximately eight hours a day, five (5) days a week. He is owed approximately $19,000.00, penalties and liquidated damages.

29.     Plaintiff Jesus Avelar Guzman performed work on the Project from approximately August 10, 2011 to approximately May 4, 2012, a period of twenty-one (39) consecutive work weeks, including overtime hours during many work weeks. He was promised wages of $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40. Although initially paid these wages, he was paid less than his promised wages at all times after approximately December 12, 2011. He is owed approximately $16,000, penalties and liquidated

7

damages.

30.     Defendants Component, Molecular, and Sisk provided certified weekly reports to Whiting-Turner during the construction of the project, indicating that Plaintiffs were paid no less than $31.92 an hour.

## COUNT I
## VIOLATIONS OF THE DCWPWCA
### (All Plaintiffs v. All Defendants)

31.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

32.     Plaintiffs were "employees" of all Defendants within the meaning of the DCWPCA.

33.     Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301.

34.     Defendants were obligated to pay Plaintiffs all wages due to them for the work that they performed at the rates of $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40.  Defendants violated the DCPWCA by failing to pay Plaintiffs these wages for the hours they worked on the project.

35.     During their employment, Defendants did not pay Plaintiffs the wages Plaintiffs were owed.

36.     Additionally and alternatively, Defendants did not promptly pay Plaintiffs' wages on regular payment dates as required by law.

37.     In pertinent part, the DCPWCA provides that "Every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer. . . ." D.C. Code § 32-1302.

8

38.     Defendants failed to pay Plaintiffs "all wages earned" during certain pay periods in violation of D.C. Code § 32-1302.

39.     The DCPWCA further provides in pertinent part that "Whenever an employee (not having a written contract of employment for a period in excess of 30 days) quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier." D.C. Code § 32-1303(2).

40.     All Plaintiffs completed their work on the project by May 25, 2012 and all resigned from their employment with S&J Acoustics by that date, prior to that date, or since that date, more than a month ago.

41.     By failing to pay Plaintiffs their wages due upon the next regular payday or within seven (7) days of resigning, whichever was earlier, the Defendants failed to pay their "wages earned" upon their resignations in violation of D.C. Code § 32-1303(2).

42.     Pursuant to the DCPWCA § 32-1308, Plaintiffs seek their unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court.

WHEREFORE, Plaintiffs request that this Court enter judgment against all Defendants, jointly and severally, in the following amounts:

a.     for the amount of unpaid compensation due to Plaintiffs, approximately $53,000, and an additional equivalent amount of the unpaid wages as liquidated damages, approximately $53,000, a total of $106,000;

b.     for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF DCWHL

9

(All Plaintiffs v. All Defendants)

43.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

44.     At all times relevant to this Complaint, all Defendants were "employers" of all Plaintiffs within the meaning of D.C. Code § 32-1002(3).

45.     At all times relevant to the Complaint, Plaintiffs were employees of Defendants within the meaning of D.C. Code § 32-1002(2).

46.     At all times relevant to this Complaint, all Defendants violated the overtime provisions of D.C. Code § 32-1003(c), by failing to pay Plaintiffs one and one half times their regular hourly rate for each hour over 40 that they worked during several work weeks.

WHEREFORE, this Court should enter judgment for Plaintiffs against all Defendants, jointly and severally, in the amounts specified below:

a.      for the unpaid overtime compensation due to Plaintiffs, the specific amount of which to be determined during the discovery process, asserted in an amended Complaint, and proven at trial.

b.      for an additional amount of liquidated damages equal to the unpaid overtime compensation due Plaintiffs.

c.      for reasonable attorneys' fees and costs incurred in this action and for such other further relief as this Court may deem appropriate.

## COUNT III
### BREACH OF CONTRACT (THIRD-PARTY BENEFICIARY)
### (All Plaintiffs v. Component)

54.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

55.     Whiting Turner and Component executed a written subcontract concerning the Project that required Component to pay to Plaintiffs $31.92 per hour, plus time-and-a-half pay for all hours worked over 40 in a single work week.

56.     The Agreement was intended to ensure that Plaintiffs and others similarly situated were paid $31.92 per hour and time and a half for each hour over 40 that they worked.

57.     Component breached its contract with Whiting Turner when it failed to pay $31.92 per hour to Plaintiffs, who were employees who performed work on the Project.

58.     Plaintiffs are third-party beneficiaries of the written subcontract executed by Whiting Turner and Component and were injured by the breach.

WHEREFORE, all Plaintiffs request that this Court enter judgment against Component in the following amounts:

a.      for the amount of unpaid compensation due to Plaintiffs, approximately $53,000;

b.   for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

## COUNT IV
## BREACH OF CONTRACT (THIRD-PARTY BENEFICIARY)
### (All Plaintiffs v. Molecular and Jenkins)

Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

59.     On information and belief, Component and Molecular executed a written subcontract concerning the Project that required Component to pay to Plaintiffs $31.92 per hour, plus time-and-a-half pay for all hours worked over 40 in a single work week.

60.     The Agreement was intended to ensure that Plaintiffs and others similarly situated were paid $31.92 per hour and time and a half for each hour over 40 that they worked.

61.     Component breached its contract with Whiting Turner when it failed to pay $31.92 per hour to Plaintiffs, who were employees who performed work on the Project.

62.     Plaintiffs are third-party beneficiaries of the written subcontract executed by Whiting Turner and Component and were injured by the breach.

WHEREFORE, all Plaintiffs request that this Court enter judgment against Molecular and Jenkins, jointly and severally, in the following amounts:

a.      for the amount of unpaid compensation due to Plaintiffs, approximately $53,000;

b.      for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

12

## COUNT V
## BREACH OF CONTRACT - THIRD-PARTY BENEFICIARY CLAIM
### (All Plaintiffs v. S & J Acoustics, Inc. and Sisk)

63.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

64.     On information and belief, Molecular and S & J Acoustics, Inc. executed a written subcontract concerning the Project that required S & J Acoustics, Inc. to pay Plaintiffs and other similarly situated employees wages of $31.92 per hour, plus time-and-a-half pay for all hours worked over 40 in a single work week.

65.     Plaintiffs were employees of both Molecular and S & J Acoustics, Inc. who performed work on the Project.

66.     S & J Acoustics, Inc. breached its contract with Molecular when it failed to pay $31.92 per hour to Plaintiffs, who were employees who performed work on the Project.

67.     Plaintiffs are third-party beneficiaries of the written subcontract executed by Molecular and S & J Acoustics.

68.     S & J Acoustics, Inc. forfeited its corporate charter on March 31, 2012.

69.     At all relevant times, Sisk was the President and sole owner of S & J Acoustics, Inc.

WHEREFORE, all Plaintiffs request that this Court enter judgment against S & J Acoustics, Inc. and Sisk, jointly and severally, in the following amounts:

a.   for the amount of unpaid compensation due to Plaintiffs, approximately $53,000;

b.   for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

13

## COUNT VI

## COMMON LAW BREACH OF CONTRACT – THIRD-PARTY BENEFICIARY
## CLAIM ON PAYMENT BOND
### (All Plaintiffs v. Liberty Mutual)

70.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

71.     Liberty Mutual acted as a Surety on a payment bond provided by Molecular guaranteeing that Plaintiffs would be paid wages at the rate of $31.92 per hour plus time and one half for each hour over 40, by Molecular.

74.     By virtue of its bond, Liberty Mutual agreed to answer for the debts of Molecular incurred by laborers on the project to the laborers or to Whiting Turner based on its contractual obligations under the subcontract.

75.     As alleged, Molecular incurred debts to the Plaintiffs for the wages Molecular agreed to pay Plaintiffs.  Molecular failed to ensure that Plaintiffs were paid at the rate of $31.92 per hour plus time and one half for each hour over 40, by virtue of its subcontract with Whiting Turner.

76.     Under the terms of the bond, Liberty Mutual is liable to Plaintiffs for the amounts of their unpaid wages.

WHEREFORE, all Plaintiffs request that this Court enter judgment Liberty Mutual in the following amounts:

a.   for the amount of unpaid compensation due to Plaintiffs, approximately $53,000;

b.   for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

14

Respectfully submitted,

*Omar Vincent Melehy /RP*

Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax:   (301) 587-6308
Email: ovmelehy@melehylaw.com

*Robert Porter*

Robert S. Porter, Esq.
DC Bar No.: 973835
Associate Attorney
MELEHY & ASSOCIATES LLC
*Attorneys for Plaintiffs*

15



UNITED STATES POSTAGE
PITNEY BOWES
$ 007.37⁰
02 1P
0004448905   MAR 16  2013
MAILED FROM ZIP CODE 20910

FROM

MELEHY & ASSOCIATES LLC
ATTORNEYS AT LAW
8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910

TO

Component Assembly Systems, Inc.
c/o Corporation Service Company (Registered Agent)
1090 Vermont Avenue, N.W.
Washington, D.C. 20005



7010 3090 0002 7710 8546