UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JAVIER LOPEZ CASTRO,** *et al.*,

    **Plaintiffs,**

    v.

**MOLECULAR SYSTEMS INC.,** *et al.*,

    **Defendants.**

Civil Action No. 13-456 (JEB)

## MEMORANDUM OPINION AND ORDER

On April 9, 2013, Defendant Component Assembly Systems, Inc., with the consent of all other Defendants, removed this matter here from the District of Columbia Superior Court. See ECF No. 1. This removal was based on the defense of federal preemption. Yet, federal-question jurisdiction requires a federal question to be presented on the face of the well-pleaded complaint. "Federal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Although subject-matter jurisdiction is unchallenged by the parties, the Court has an independent obligation to ensure it exists. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case that has been removed, "the case shall be remanded." 28 U.S.C. § 1447(c). As this Court lacks jurisdiction, the case must be remanded to the Superior Court.

According to the Complaint, Defendant S&J Acoustics hired Plaintiffs Javier Lopez Castro, Pedro Francisco Campos de León, and Jesus Avelar on a sub-sub-subcontract with the District of Columbia. See Compl., ¶¶ 1-7, 9. Plaintiffs allege that each layer of subcontract – from the general contractor down – specified "that the following regular hourly wages [be] paid [to] the following individuals: JAVIER LOPEZ CASTRO ($31.92 per hour), PEDRO

1

FRANCISCO CAMPOS DE LEÓN ($31.92 per hour), and JESUS AVELAR ($31.92 per hour)." Id., ¶¶ 2-4. Their paychecks, however, collectively fell $53,000 short. See id., ¶¶ 27-29. Plaintiffs therefore filed suit in the Superior Court against the subcontractor, the sub-subcontractor, the sub-sub-subcontractor, two executives, and an insurance company that had acted as surety for a bond guaranteeing Plaintiffs' wages. Their suit listed three D.C. causes of action: the D.C. Wage Payment Act, D.C. Code § 32-1301 *et seq.*; the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq.*; and common-law breach of contract. See Compl., ¶¶ 31-76.

Component removed the case to this Court, asserting that "[a]lthough Plaintiffs allege claims based on state law, their claims are covered exclusively by the Davis-Bacon Act, 40 U.S.C. § 3142, which applies to 'every contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for construction, alteration, or repair' and requires contractors and subcontractors to pay employees employed on such projects the prevailing wage rates as determined by the U.S. Department of Labor." Notice of Removal, ¶ 2. According to Defendants, in other words, the claims here "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. §§ 1331, 1441(c), because they should have been brought under the Davis-Bacon Act. Notice of Removal, ¶ 6. (The parties are not diverse in citizenship.) Defendants' Motions to Dismiss are now pending.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908). As the party asserting federal jurisdiction, the removing Defendant bears the burden of showing that subject-matter jurisdiction exists. See Mumfrey v. CVS Pharmacy, Inc.,

719 F.3d 392, 397 (5th Cir. 2013); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).

Under the well-pleaded complaint rule,

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. . . .
> The rule . . . may produce awkward results, especially in cases in which neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense. Nevertheless, it has been correctly understood to apply in such situations. As we said in Gully: "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby."

Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10, 12 (1983) (footnote, brackets, ellipses, and some internal quotation marks omitted).

Removal in this case plainly runs afoul of this rule. Nothing in Plaintiffs' Complaint invokes the Davis-Bacon Act or suggests that the federal Act has any bearing on this case. On the contrary, the Complaint suggests a run-of-the-mill claim for breach of contract; federal law is never mentioned until Defendant's filings. For federal law to displace state – that is, for the Davis-Bacon Act to overtake common-law claims for breach of contract – there must be preemption. Yet "a defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (citation omitted).

Perhaps Defendants should have tried to argue for "complete preemption," an exception to the well-pleaded complaint rule. Complete preemption exists when a federal provision has

"such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (internal quotation marks omitted). "In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court." 14B Charles Alan Wright *et al.*, Federal Practice and Procedure § 3722.2, at 418-19 (4th ed. 2009). In this case, however, Defendants have pointed to no indications that the Davis-Bacon Act has this sort of "unusually 'powerful' pre-emptive force." Beneficial Nat'l Bank, 539 U.S. at 7. The Supreme Court has found complete preemption in only three federal statutes: § 301 of the Labor Management Relations Act, § 502(a) of ERISA, and §§ 85-86 of the National Bank Act. See Beneficial Nat'l Bank, 539 U.S. at 6-11. Nothing in Defendants' filings suggests that the Davis-Bacon Act should join their ranks. See Isufi v. Prometal Constr., Inc., No. 12-5225, 2013 WL 782871, at *6-7 (E.D.N.Y. Feb. 28, 2013).

For the aforementioned reasons, the Court ORDERS that this matter is REMANDED to the Superior Court for the District of Columbia for all further proceedings.

**SO ORDERED.**

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  August 28, 2013